UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

EMMA OCASIO, ROBERT WHITE, SUZANNE
GUTHRIDGE, DUANNY ESCALANTE,
SERAFIN COLON,

                Plaintiffs,

          -against-

1555 GRAND CONCOURSE LLC and LIDIA
MANAGEMENT CORP.,

                Defendants.
----------------------------------------------------------------X

1555 GRAND CONCOURSE LLC and LIDIA
MANAGEMENT CORP.,

                Third-Party Plaintiffs,

     -against-

UNIQUE PEOPLE SERVICES, INC. and
COMUNILIFE, INC.,

                Third-Party Defendants.
----------------------------------------------------------------X

Case No.: 18-CV-10159-KPF

**THIRD-PARTY**
**<u>COMPLAINT</u>**

Third-Party Plaintiffs 1555 Grand Concourse LLC and Lidia Management Corp. by their attorneys, Meltzer, Lippe, Goldstein & Breitstone, LLP, as and for their Third-Party Complaint against Third-Party Defendants, Unique People Services, Inc. and Comunilife, Inc., allege as follows:

      1.     Defendant and Third-Party Plaintiff 1555 Grand Concourse LLC is a limited liability company organized under the laws of the State of New York and is located at 35-01 30th Avenue, Astoria, New York 11103 ("1551 Grand Concourse").

      2.     Defendant and Third-Party Plaintiff Lidia Management Corp. is a corporation organized and existing under the laws of the State of New York and is located at 35-01 30th Avenue, Astoria, New York 11103 ("Lidia Management").

872939-2

3.      1555 Grand Concourse is the owner of the Building located at 1555 Grand Concourse, Bronx, New York (the "Building") and Lidia Management is the managing agent of the Building.  (1555 Grand Concourse and Lidia Management shall sometimes be collectively referred to herein as "Defendants and Third-Party Plaintiffs".)

4.      Upon information and belief, Third-Party Defendant Unique People Services, Inc. ("Unique People") is registered with the New York Secretary of State as a domestic not-for-profit corporation with an address located at 4334 Vireo Avenue, Bronx, New York 10470.

5.      Upon information and belief, Third-Party Defendant Comunilife, Inc. ("Comunilife") is registered with the New York Secretary of State as a domestic not-for-profit corporation with an address located at 462 7th Avenue, New York, New York 10018.

6.      Comunilife and Unique People (sometimes collectively referred to herein as "Third-Party Defendants") are tenants in the Building and have executed leases in connection with their tenancy.

7.      Upon information and belief, Third-Party Defendants Unique People and Comunilife have allowed persons, including Plaintiffs, to live in the Building apartments that Third-Party Defendants lease from 1555 Grand Concourse.

8.      According to the Complaint filed in this action, Plaintiff Ocasio alleges that she occupies Apt. 2C at the Building through the actions of Unique People.

9.      According to the Complaint filed in this action, Plaintiff Robert White alleges that he occupies Apt. 3B at the Building through the actions of Unique People.

10.      According to the Complaint filed in this action, Plaintiff Suzanne Guthridge alleges that she occupies Apt. 4I at the Building through the actions of Comunilife.

11.      According to the Complaint filed in this action, Plaintiff Duanny Escalante alleges that he occupies Apt. 5T at the Building through the actions of Comunilife.

12.     According to the Complaint filed in this action, Serafin Colon alleges that he previously occupied Apt. 5P at the Building through the actions of Unique People.

13.     Copies of Plaintiffs' Summons and Complaint in this action are annexed hereto as Exhibit A; a copy of Defendants' Answer to the Complaint is annexed hereto as Exhibit B; a copy of the Court's Notice of Preliminary Conference is annexed hereto as Exhibit C; and a copy of a Court "Memo Endorsed" letter re-scheduling a Pre-trial Conference to February 21, 2019 at 11:00 a.m. is annexed hereto as Exhibit D.

14.     According to the Complaint, each Plaintiff asserts claims as follows:

A.  First Claim For Relief for "Violations of the Fair Housing Act, Disparate Treatment:42 U.S.C. §3604(F)(1)-(2)";

B.  Second Claim for Relief for "Fair Housing Act, Disparate Impact: 42 U.S.C. §3604(f)(2)";

C.  Third Claim for Relief for "Interference, Coercion and Intimidation: 42 U.S.C. §3617";

D.  Fourth Claim for Relief for "New York City Human Rights Law, Disparate Treatment: N.Y. Admin. §8-107(5)(a)(2)";

E.  Fifth Claim for Relief for "New York City Human Rights, Disparate Impact: N.Y. Admin. §8-107(5)(a)(2)";

F.  Sixth Claim for Relief for "New York City Human Rights Law, Income Discrimination: N.Y. Admin. §8-107(5)(a)(2)";

G.  Seventh Claim for Relief for "New York City Human Rights Law, Failure to Engage in Dialogue: N.Y. Admin. §8-107(28)(c)"; and

H.  Eighth Claim for Relief for "Tenant Harassment".

15.     Among the relief sought by Plaintiffs in this action is injunctive and declaratory relief, damages, including compensation for economic loss, loss of rights, humiliation, embarrassment and emotional distress, punitive damages, penalties, and attorneys' fees, costs and disbursements.

16.     As further alleged in the Complaint at paragraphs 47-91, each of the Plaintiffs claims that he/she has disabilities and that Third-Party Defendants told Plaintiffs, among other things, that Defendants and Third-Party Plaintiffs demanded that Third-Party Defendants surrender apartments because Defendants and Third-Party Plaintiffs did not want to lease apartments to scatter cite programs including Third-Party Defendants; that Third-Party Defendants sent Plaintiffs rent statements showing an increase in rent; and that Defendants and Third-Party Plaintiffs told Plaintiffs they must move from the Building.

17.     Third-Party Defendants' actions and the statements made to Plaintiffs were erroneous and incorrect.

18.     Third-Party Defendants' statements to Plaintiffs form the basis of Plaintiffs' discrimination and related claims against Defendants and Third-Party Plaintiffs.

19.     To the extent that Third-Party Defendants made incorrect statements to Plaintiffs, provided documents to Plaintiffs and/or took actions with respect to Plaintiffs, and such statements, documents and/or actions were false, erroneous or incorrect, then Third-Party Defendants, as the source of Plaintiffs' discrimination and related claims arising therefrom, should be held accountable for Plaintiffs' claims asserted against Defendants and Third-Party Plaintiffs in this action.

## FIRST CLAIM FOR RELIEF AGAINST THIRD-PARTY DEFENDANTS
### (CONTRIBUTION)

20.     Defendants and Third-Party Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 19 of this Third-Party Complaint as if fully set forth herein.

21.     If Plaintiffs sustain or incur damages as set forth in Plaintiffs' Complaint, such damages were caused or contributed to by the negligence, acts, omissions and/or culpable conduct of Third-Party Defendants, their agents, contractors, servants and/or employees.

22.     If Defendants and Third-Party Plaintiffs should be found liable to Plaintiffs in any respect, such liability is due to the negligence, acts, omissions and/or culpable conduct of Third-Party Defendants, their agents, contractors, servants and/or employees and Third-Party Defendants are liable to Defendants and Third-Party Plaintiffs, either in whole or in part, for any and all damages, attorneys' fees, costs, expenses and disbursements as Defendants and Third-Party Plaintiffs may have sustained by reason of the occurrences set forth in the Complaint.

23.     By reason of the foregoing, if Plaintiffs recover a judgment, verdict or award against Defendants and Third-Party Plaintiffs, in whole or in part, for the damages alleged in the Complaint, then Defendants and Third-Party Plaintiffs will be entitled to contribution from Third-Party Defendants for all or part of said judgment, verdict or award.

## SECOND CLAIM FOR RELIEF AGAINST THIRD-PARTY DEFENDANTS
### (COMMON LAW INDEMNIFICATION)

24.     Defendants and Third-Party Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 23 of this Third-Party Complaint as if fully set forth herein.

25.     If Defendants and Third-Party Plaintiffs are held liable and responsible to Plaintiffs, it will be solely due to the conduct of Third-Party Defendants.

26.     Defendants and Third-Party Plaintiffs are entitled to be indemnified by Third-Party Defendants should such liability arise.

27.     If Defendants and Third-Party Plaintiffs are held liable and responsible to Plaintiffs for damages and other relief, said liability will be vicarious only and said liability will be the direct and proximate result of the active and affirmative conduct on the part of the Third-Party Defendants.

28.     Defendants and Third-Party Plaintiffs are entitled to indemnification by the Third-Party Defendants for any sum or sums, in whole or in part, for which Defendants and Third-Party

Plaintiffs may be adjudicated and be held liable to Plaintiffs, with costs of defense, costs of suit and reasonable attorneys' fees incurred therefrom.

## THIRD CLAIM FOR RELIEF AGAINST THIRD-PARTY DEFENDANTS
### (INDEMNIFICATION BASED ON CONTRACT)

29.    Defendants and Third-Party Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 28 of this Third-Party Complaint as if fully set forth herein.

30.    Pursuant to the terms of leases and renewals thereof executed by Third-Party Defendants, Third-Party Defendants are liable to Defendants and Third-Party Plaintiffs for damages and expenses Defendants and Third-Party Plaintiffs sustain, including judgments, awards, attorneys' fees and expenses, by reason of the conduct or actions of Third-Party Defendants or those they allow to occupy apartments which Third-Party Defendants rent at the Building, including the actions of Plaintiffs and the claims of Plaintiffs asserted in this action.

31.    In addition, pursuant to the terms of leases and renewals thereof executed by Third-Party Defendant Unique People, Third-Party Defendant Unique People is further obligated to defend Defendants and Third-Party Plaintiffs at Third-Party Defendant Unique People's expense with an attorney of Defendants and Third-Party Plaintiff's choice.

32.    If Defendants and Third-Party Plaintiffs are held liable and responsible to Plaintiffs, it will be due to the conduct of Third-Party Defendants.

33.    Defendants and Third-Party Plaintiffs are entitled to be indemnified by Third-Party Defendants should such liability arise.

34.    If Defendants and Third-Party Plaintiffs are held liable and responsible to Plaintiffs for damages and other relief, said liability will be vicarious only and said liability will be the direct and proximate result of the active and affirmative conduct on the part of the Third-Party Defendants.

872939-2                                        6

35.     Defendants and Third-Party Plaintiffs are entitled to indemnification based on contract by the Third-Party Defendants for any sum or sums, in whole or in part, for which Defendants and Third-Party Plaintiffs may be adjudicated and be held liable to Plaintiffs, with costs of defense, costs of suit and reasonable attorneys' fees incurred therefrom.

**WHEREFORE**, Defendants and Third-Party Plaintiffs 1555 Grand Concourse, LLC and Lidia Management Corp. respectfully demand judgment against Third-Party Defendants Unique People Services, Inc. and Comunilife, Inc. as follows:

    i.     On the First Claim for Relief, a judgment of contribution and an award against Third-Party Defendants Unique People Services, Inc. and Comunilife, Inc. in an amount sufficient to satisfy any settlement, judgment, or verdict awarded to Plaintiffs herein and against Defendants and Third-Party Plaintiffs, in whole or in part, as well as all other damages incurred by Defendants and Third-Party Plaintiffs in connection with the instant action, including the costs of defense, costs of suit and reasonable attorneys' fees incurred by Defendants and Third-Party Plaintiffs, together with interest thereon;

    ii.    On the Second Claim for Relief, a judgment of indemnification and an award against Third-Party Defendants Unique People Services, Inc. and Comunilife, Inc. in an amount sufficient to satisfy any settlement, judgment, or verdict awarded to Plaintiffs herein and against Defendants and Third-Party Plaintiffs, in whole or in part, as well as all other damages incurred by Defendants and Third-Party Plaintiffs in connection with the instant action, including the costs of defense, costs of suit and reasonable attorneys' fees incurred by Defendants and Third-Party Plaintiffs, together with interest thereon;

    iii.    On the Third Claim for Relief, a judgment of indemnification and an award against Third-Party Defendants Unique People Services, Inc. and Comunilife, Inc. in an amount sufficient to satisfy any settlement, judgment, or verdict awarded to Plaintiffs herein and against Defendants and Third-Party Plaintiffs, in whole or in part, as well as all other damages incurred by Defendants and Third-Party Plaintiffs in connection with the instant action, including the costs of defense, costs of suit and reasonable attorneys' fees incurred by Defendants and Third-Party Plaintiffs, together with interest thereon;

    iv.    An award to Defendants and Third-Party Plaintiffs of attorneys' fees, costs and expenses incurred in this action; and

    v.    such other and further relief as to the Court may seem just and proper.

Date:  Mineola, New York
February 11, 2019

MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP

By: _____
Loretta M. Gastwirth
190 Willis Avenue
Mineola, New York 11501
(516) 747-0300
*Attorneys for Defendants and Third-Party Plaintiffs*

To:  Eugene Chen, Esq.
Bronx Legal Services
369 East 148th Street – 2nd Floor
Bronx, New York 10455
*Attorneys for Plaintiffs*

Unique People Services, Inc.
35-01 30th Avenue
Astoria, New York 11103
*Third-Party Defendant*

Comunilife, Inc.
35-01 30th Avenue
Astoria, New York 11103
*Third-Party Defendant*