

<u>VIA ECF</u>

November 18, 2019

The Honorable Katherine Polk Failla
Judge of the Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:  *Ocasio et al v. 1555Grand Concourse LLC et al*, No: 18-cv-10159-KPF

Dear Judge Failla:

We write on behalf on Plaintiffs to request a pre-motion conference on discovery disputes and Plaintiffs' anticipated motion to compel Defendants to produce and respond to certain of Plaintiffs' document requests and interrogatories and to produce improperly withheld documents.

Plaintiffs have made good faith efforts to confer with Defendants' counsel to resolve the many deficiencies in Defendants' responses to Plaintiffs' interrogatories and document requests. Plaintiffs summarized their concerns in written correspondence and attempted to further discuss these issues via phone calls; however, Defendants' counsel failed to meaningfully engage in that Defendants' counsel was unprepared with answers to Plaintiffs' questions. After follow up, Defendants have agreed to supplement their production. However, the supplemental production will not be sufficient, because many deficiencies remain unaddressed and Defendants maintain they will continue to withhold non-privileged responsive materials. Accordingly, Plaintiffs seek the Court's intervention in resolving these disputes, or alternatively, leave to file a motion to compel Defendants to respond to interrogatories and produce documents.

Attempts to Resolve Disputes without Court Intervention

Plaintiffs sent a letter to Defendants' counsel detailing the deficiencies in their responses to Plaintiffs' first set of interrogatories and first set of document requests on October 4, 2019. Plaintiffs' counsel and Defendants' counsel had a meet and confer phone call on October 10, 2019. During this call, the parties discussed some topics raised in the letter, but not all. Plaintiffs requested that Defense counsel explain Defendants' search parameters, explain redactions, and produce a privilege log and articulate what documents were being withheld. Defendants' counsel was unable to answer any of these questions. Defense counsel reported that Defendant would only provide documents that pertained specifically to Plaintiffs' apartments, whereas many of Plaintiffs' requests seek documents for all apartments at the Building. Since the issues were unresolved during this call, the parties agreed to have a follow up call on October 18, 2019.

On October 14, 2019, Plaintiffs sent a follow up letter to Defendants' counsel summarizing issues raised during the previous call, requesting particular search terms for e-mail correspondence, requesting a written response to Plaintiffs' October 4, 2019 letter, and confirming the following call. On October 18, 2019, Defendants' counsel belatedly advised that she was no longer available for the meet and confer phone call, and thus the call was rescheduled




to October 21, 2019. On this phone call, Defendant's counsel was unable to confirm her clients' position, and said she would follow up via e-mail by end of day. On October 25, 2019, Defendants' counsel replied relaying that Defendants would attempt to comply with Plaintiffs' proposed search terms for their e-mail production, but reserve their right to object. Defendants agreed to "reproduce the prior production with some, but not all, redactions removed." Defendants represented that they would produce surrender agreements made with only Third Party Defendants, but no others. As to document requests concerning the building at large, Defendants maintained that they would continue to withhold these documents. Defendants also represented that certain information or documents would be provided by October 31, 2019.

On November 6, 2019, Plaintiffs' counsel e-mailed Defendants' counsel requesting clarification from previous communications and demanding that Defendants' supplemental production be sent by November 13, 2019. On November 13, 2019, Plaintiffs followed up as Defendants had not yet responded. Defendant's counsel indicated the supplemental production should be available by November 15, 2019, but there was no further clarification. So far, Defendants have produced no further documents since their first responses on September 9, 2019 to Plaintiffs' first set of interrogatories and first set of document requests. Additionally, to date, Defendants have never responded to Plaintiffs' October 4, 2019 correspondence.

## Outstanding Disputes

Thus far, a major dispute between the parties is whether building wide documents (e.g. renewal leases for all apartments during the relevant time period) are subject to discovery. Defendants' position is that these documents are not relevant and that producing documents concerning other tenants in the subject building poses privacy concerns. Plaintiffs believe that their document requests are relevant to their claims, because their disparate impact claims necessarily involve a comparison between an affected class and an unaffected class of people, even if they are not parties in this litigation. Additionally, to the extent that there are concerns about other tenants' privacy, the parties have entered into a confidentiality agreement which address these concerns. Plaintiffs' other concerns discussed during calls include Defendants' failure to produce all communications with Third-Party Defendants concerning the surrender of apartments and rent ledgers and payments for Third-Party Defendants' apartments.

Plaintiffs also seek the Court's assistance in resolving other deficiencies in Defendants' discovery responses. Plaintiffs have thus far been unable to address these concerns with Defendants as they have never responded in substance to Plaintiffs' correspondence. Plaintiffs ask that the Court direct Defendants to clarify what if anything (aside from documents pertaining to nonparty tenants at the building) is being withheld pursuant to their objections. As Defendants' objections are overly general, Plaintiffs are unable to decipher what has been withheld in response Document Requests 1, 2, 3, 4, 5, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17.

Plaintiffs request that the Court direct Defendant to answer or cure deficiencies to their responses to Interrogatories Nos. 2 (Identification of Defendants' Employees); 3 (Identification of Persons who communicated with Third Party Defendants); 4 (Identification of documents concerning agreements between Defendant and any of the parties); 5 and 6 (Identification of documents

containing communications amongst the parties); Interrogatory 8 (Identification of all documents containing complaints against Plaintiffs or their apartments); Interrogatory 9 (Identification of documents related to discrimination complaints made by occupants of the building against Defendants); Interrogatory 10 (Identification of persons holding leases at the Building during the relevant time period); Interrogatory 11 (Identification of leases and renewal leases during the relevant time period); Interrogatory 12 (Identification of all persons whose tenancies were considered for termination); and Interrogatory 14 (Identification of witnesses).

Plaintiffs request that the Court direct Defendant to answer or cure deficiencies in their responses to Request 2 (Documents referencing anti-discrimination policies and procedures); Requests 3, 4, 5 and 6 (Communications between the parties); Requests 7 and 8 (Documents concerning agreements between Defendants and any of the parties); Request 9 (Communications concerning tenancies of all tenants at the building during relevant time period); Request 10 (Documents concerning all leases in effect at the building during the relevant time period); Request 11 (Communications concerning lease renewal offers and communications declining or refusing renewal from the relevant time period); Request 12 (Documents concerning rents such ass rent rolls, ledgers, and invoices for all apartments at the building during the relevant time period); Request 14 (Documents concerning non-charitable payments made between Defendant and Third Party Defendants); Request 17 (Documents concerning complaints against Plaintiffs or Plaintiffs' apartments at the building); Request 18 (Communications concerning vacancies of apartments at the building during the relevant time period); and Request 19 (Documents concerning discrimination complaints made by building occupants against Defendants).

Although Plaintiffs' counsel asked Defendants to reveal search parameters for all of their initial production, they have yet to reveal the search terms or parameters used to compile their production. This fact coupled with the boilerplate and overly general nature of Defendants' objections and responses renders it difficult to assess the completeness of Defendants' production. In hopes of making the best use of the Court's time, Plaintiffs ask that the Court direct Defendants' to reveal search parameters they used in advance of the conference.

We appreciate the Court's attention to these matters, and Plaintiffs' counsels are available to discuss them at the Court's convenience.


Respectfully Submitted,

/s/ Johanna Ocaña

| | | |
|---|---|---|
| Johanna Ocaña | Eugene Y. Chen | Carolyn Norton |
| Bronx Legal Services | Bronx Legal Services | Tel: (718) 928-3711 |
| 369 E. 148th Street, 2nd Floor | Tel: (718) 928- 2867 | Fax: (646) 859-8881 |
| Bronx, NY 10455 | echen@lsnyc.org | cnorton@lsnyc.org |
| Tel: (718) 928-3689 | | |
| jocana@lsnyc.org | | |

<u>Attorneys for Plaintiffs</u>: Emma Ocasio, Robert White, Duanny Escalante, and Serafin Colon.

CC via ECF:

   MELTZER, LIPPE, GOLDSTEIN, & BREITSTONE, LLP
Stephanie Suarez
Loretta Gastwirth
190 Willis Avenue
Mineola, New York 11501
<u>Attorneys for 1555 Grand Concourse LLC and Lidia Management Corp.</u>

MOLD SPITZ & DESANTIS, P.C.
Alice Spitz
Paul Cividanes
1430 Broadway, 21st Floor
New York, NY 10018
<u>Attorneys for Third Party Defendant Unique People Services, Inc.</u>

RICHTER RESTREPO PLLC
Peter M. Rivera
55 Broadway, Ste. 405
New York, NY 10006
<u>Attorneys for Third Party Defendant Comunilife, Inc</u>