

**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**
190 Willis Avenue, Mineola, NY 11501 • T. 516.747.0300
www.meltzerlippe.com

*Stephanie Suarez, Esq.*
*Ext. 176*
*Email: ssuarez@meltzerlippe.com*

November 21, 2019

**Via ECF**
Honorable Katherine Polk Failla
U.S. District Court, S.D.N.Y.
40 Foley Square
New York, New York 10007



Re: Ocasio, et al. v. 1555 Grand Concourse LLC, et al., 18 Civ. 10159 (KFP)

Dear Judge Failla:

We represent Defendants 1555 Grand Concourse LLC and Lidia Management Corp. (together, "Defendants") in the above-referenced action. We write in response to the November 18, 2019 correspondence of Plaintiffs Emma Ocasio, Robert White, Duanny Escalante, and Serafin Colon (collectively, "Plaintiffs")[1] seeking a pre-motion conference concerning alleged discovery disputes and Plaintiffs' anticipated motion to compel discovery. Defendants object to Plaintiffs' characterization of the alleged discovery disputes, and further believe Plaintiffs' request for a pre-motion conference is premature, ill-timed, and designed purely to harass Defendants and increase Plaintiffs' legal fees. Accordingly, Defendants respectfully request Plaintiffs' request for a pre-motion conference be denied on these grounds, and further request this Court consider compelling Plaintiffs to participate in court-annexed alternative dispute resolution pursuant to Local Rule 83.9, to prevent Plaintiffs from further abusing the litigation process to accrue unnecessary and avoidable legal fees.

I. Plaintiffs' Request is Premature and Ill-Timed

As this Court is aware, one of the named Plaintiffs in this action, Suzanne Guthridge, passed away on or about October 22, 2019; to date, no party substitution has been made, and Ms. Guthridge's interests are currently unrepresented in this matter. Accordingly, any discovery which might proceed between now and whenever an appropriate substitution is made would be done without the knowledge, consent, or input of Ms. Guthridge's authorized representative. In similar circumstances, Courts have routinely stayed discovery entirely pending substitution of a legal representative or successor on behalf of decedent. *See, e.g., Curet v. U.S.*, No. 2:14-cv-2703 (DRH) (SIL), 2017 WL 5897410, at *1 (E.D.N.Y. Nov. 29, 2017); *Kernisant v. City of N.Y.*, 225 F.R.D. 422, 425 (E.D.N.Y. 2005); *Jones Inlet Marina, Inc. v. Inglima*, 204 F.R.D. 238, 239 (E.D.N.Y. 2001).

Here, Ms. Guthridge's passing occurred less than a month ago, more than sixty (60) days remain for a substitution to be completed, and the deadline for completion of discovery has been extended to March 27, 2020. Accordingly, the parties have more than four (4) months to

---

[1] Defendants note Plaintiff Suzanne Guthridge passed away on or about October 22, 2019 and no proper party substitution has yet been made; accordingly, Ms. Guthridge is not presently represented in this action.

984202.1

complete discovery; ample time to permit Defendants to complete the supplemental production to which Defendants have agreed, and to allow Plaintiffs to review said production for any deficiencies which may then be cured through motion practice.

Moreover, by Plaintiffs' own admission, Defendants have already consented to make a supplemental production and are in the process of doing so. While Defendants had hoped to complete the production sooner, they have been unable to do so due to the expansive and onerous nature of Plaintiffs' requests combined with Defendants' relative lack of technological and personnel resources. For example, Plaintiffs requested sixteen (16) different sets of search terms be run, across *all* email custodians with any relation whatsoever to 1555 Grand Concourse. These search terms *alone* have generated results in excess of eight point six gigabytes (8.6 GB) of information, all of which must be processed and reviewed.[2] Further, as Plaintiffs' counsel has previously been advised, Defendants' principle custodian of the relevant documents is experiencing a temporary medical condition related to her pregnancy which has drastically limited her availability, and will likely be away on maternity leave for period of at least three (3) to four (4) additional months from present. Consequently, in light of these factors, Defendants are in need of additional time to gather and prepare the requested documents for production.

Insofar as there are no depositions presently scheduled – and indeed, none can or should be scheduled until Ms. Guthridge's interests are appropriately represented through a proper party substitution – any alleged delay in connection herewith is utterly without prejudice to Plaintiffs, and will not affect the parties' ability to timely complete discovery. Moreover, unless and until the supplemental production is made, Plaintiffs' contemplated motion to compel is premature, as Defendants have not represented their production is complete.

II. <u>Plaintiffs Should Be Compelled to Participate in Court-Annexed Alternative Dispute Resolution to Avoid Further Abuse of the Litigation Process</u>

Plaintiffs' rush to compel discovery in light of the above factors appears designed solely to generate excessive and unnecessary legal fees, presumably in an effort to increase the award Plaintiffs will ultimately intend to seek for their attorneys' fees.[3] To that end, Plaintiffs have

---

[2] Considering most e-discovery calculators estimate it can take more than one hundred (100) hours for the average attorney to review a *single* gigabyte of data, Plaintiffs' insistence Defendants are somehow delaying unnecessarily in processing the more than eight point six gigabytes (8.6 GB) of information Plaintiffs themselves have requested is at best woefully misinformed with respect to what constitutes a reasonable amount of time to complete such work, and is at worst intentionally disingenuous.

[3] Moreover, this is not the first instance of Plaintiffs engaging in activities which seem designed to create unnecessary costs. For example, Plaintiffs proceeded with the deposition of Third-Party Defendant Unique People Services, Inc. in the days following Ms. Guthridge's passing, in spite of the fact that, in doing so, Plaintiffs have now created a situation in which that deposition may need to be repeated to accommodate Ms. Guthridge's eventual representative. Further, Plaintiffs staffed that deposition with not one (1), not two (2), but *three (3)* attorneys (only one of whom spoke on the record), ensuring that any future request for attorneys' fees arising from that deposition will be *needlessly tripled*.

984202.1

utterly refused to engage in any kind of settlement negotiation, in spite of previously representing to the Court that "had we been able to see the leases, it really would have informed settlement discussions."[4] Those leases were served upon Plaintiffs on July 26, 2019, approximately four (4) months ago, and Plaintiffs have also been served with an offer of judgment in the interim. Rather than provide Defendants with any kind of updated settlement proposal in response thereto, Plaintiffs rejected Defendants' offer outright without counteroffer and failed to engage in any further dialogue concerning the possible resolution of this matter.

In an action solely seeking emotional distress damages where "it would appear the emotional distress… should have abated"[5] upon confirmation of the existence of leases for the relevant apartments, Plaintiffs' counsel's complete unwillingness to discuss settlement is not only contrary to basic principles of judicial economy and efficiency, it is also unclear how, if at all, such intransigence serves the needs of Plaintiffs themselves. Accordingly, while Defendants understand Your Honor does not, as a general practice, compel parties to participate in alternative dispute resolution, Defendants sincerely urge Your Honor to consider doing so here, to prevent Plaintiffs from continuing their abuse of the litigation process to artificially inflate their legal fees (and thus artificially inflate any award of attorneys' fees to which Plaintiffs may or may not ultimately be entitled).

Accordingly, Defendants respectfully request that Plaintiffs' request for a pre-motion conference be denied for the reasons set forth herein, and Plaintiffs instead be compelled to participate in court-annexed alternative dispute resolution. Thank you for your consideration.

Respectfully submitted,

*Stephanie Suarez*
Stephanie Suarez

cc: All Parties – **Via ECF**

---

[4] *See* Transcript of Initial Conference before the Hon. Katherine Polk Failla, District Judge, June 13, 2019 (annexed hereto as Exhibit A) at 11:21-23.

[5] *See* Exhibit A at 7:11-18.
984202.1

The Court is in receipt of Plaintiffs' letter seeking a pre-motion conference regarding a discovery dispute (Dkt. #60), and Defendants' opposing letter (Dkt. #61). The Court agrees that a conference is warranted, and therefore ORDERS the parties to appear before the Court on **December 12, 2019**, at **3:30 p.m.** in Courtroom 618 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York.

Dated:    November 22, 2019       SO ORDERED.
             New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE